UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD DEWAYNE NELSON,<br><br>    Plaintiff,<br><br> v.<br><br>VERONICA ALICEA GALVAN, *et al.*,<br><br>    Defendants. | Case No. C22-547-JHC-MLP<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Richard Nelson is currently in the custody of the King County Department of Adult and Juvenile Detention ("DAJD") and is confined at the Maleng Regional Justice Center ("RJC") in Kent, Washington. Plaintiff previously submitted a civil rights complaint, together with an application to proceed *in forma pauperis* ("IFP"), to the Court for filing. (*See* dkt. ## 4, 4-1.) Service has not been ordered. This Court ordered Plaintiff to show cause why his complaint and action should not be dismissed for failure to state a claim upon which relief may be granted (dkt. # 5), and Plaintiff filed a response (dkt. # 6).

The Court, having now reviewed Plaintiff's submissions, and the balance of the record, concludes that Plaintiff has not stated a cognizable claim for relief in this action. The Court

REPORT AND RECOMMENDATION - 1

therefore recommends that Plaintiff's complaint (dkt. # 4-1) and this action be DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1). As a result, the Court further recommends that Plaintiff's application to proceed IFP (dkt. # 4) be DENIED as moot.

## II.   BACKGROUND

Plaintiff identifies: (1) King County Superior Court Judge Veronica Galvan; (2) forensic scientist Rebeka Neyhart; and (3) Chief of the Washington State Patrol ("WSP") John Batiste as Defendants in his complaint. (Dkt. # 4-1 at 1, 3.) In his complaint, Plaintiff alleges that Judge Galvan violated his Fourth Amendment rights, and caused him to be unlawfully detained, when she authorized a charge of second-degree murder with a gun enhancement. (*Id.* at 4-5.) Plaintiff claims that Judge Galvan should not have authorized the gun enhancement because there is no evidence tying him to the gun used in the murder or to the murder itself. (*See id.* at 4-5.)

Plaintiff additionally alleges that Ms. Neyhart, who is employed as a DNA analyst for the WSP, improperly handled the DNA evidence in his case and made false statements regarding the DNA evidence. (Dkt. # 4-1 at 6-7.) Plaintiff claims that Ms. Neyhart "recklessly" making false statements damaged his right to a fair trial. (*Id.* at 7.) Plaintiff further alleges that Mr. Batiste did not properly supervise Ms. Neyhart, and therefore, also damaged his right to a fair trial. (*Id.* at 7-8.) Plaintiff seeks relief in the form of an order directing that Ms. Neyhart be terminated from her position in addition to monetary damages. (*Id.* at 9.)

On June 1, 2022, this Court issued an Order directing Plaintiff to show cause why this action should not be dismissed for failure to state a claim due to deficiencies with his claims. (Dkt. # 5.) The Court noted that Judge Galvan was not a viable Defendant in this action on the basis of judicial immunity and that Plaintiff's claims against Ms. Neyhart and Mr. Batiste

pertained to his ongoing criminal proceedings, and thus, were not properly before this Court at the present time. (*Id.* at 2-4.)

On June 13, 2022, Plaintiff filed a response to this Court's Order to Show Cause. (Dkt. # 6.) In his response, Plaintiff largely appears to restate his claims contained in his complaint submission. (*See id.*) Specifically, Plaintiff reiterates his claim regarding Judge Galvan's authorization of a gun enhancement. (*Id.* at 1-3.) Plaintiff also reiterates his claims against Ms. Neyhart, and her improper supervision by Mr. Batiste, concerning her DNA evidence findings. (*Id.* at 3.)

### III.   DISCUSSION

#### A.   Legal Standard

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

To sustain a cause of action under § 1983, a plaintiff must show: (1) that he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the

deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

**B.    Analysis**

*i.    Judicial Immunity*

As previously considered in this Court's previous Order to Show Cause, Judge Galvan is not a viable Defendant in this action. (*See* dkt. # 5 at 2-3.) The United States Supreme Court has held that, in light of common law immunity principles, persons who perform official functions in the judicial process are absolutely immune from liability for damages under § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 334-36 (1983). To the extent that Plaintiff complains that Judge Galvan improperly authorized a gun enhancement to his second-degree murder charge, he has identified actions clearly undertaken by Judge Galvan within the scope of her official duties as a judge. Therefore, Judge Galvan is entitled to absolute immunity in this § 1983 action with respect to Plaintiff's first claim for relief.[1]

*ii.    Younger Abstention*

In regard to Plaintiff's second and third claims against Ms. Neyhart and Chief Batiste regarding the DNA evidence in his case, Plaintiff's claims pertain to his ongoing criminal proceedings. Generally, the federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention doctrine

---

[1] Plaintiff alleged a similar claim against Judge Galvan in a prior civil rights action. *See Nelson v. Dinca, et al.*, C21-1457-RJB, dkt. # 11. This Court advised Plaintiff in an order declining to serve the original complaint filed in that action that Judge Galvan was entitled to absolute immunity with respect to a claim alleging that Judge Galvan had improperly "accepted" charges of second-degree murder and second-degree assault while armed with a gun. *See id.*, dkt. # 12 at 4-5. Plaintiff's amended complaint, and the entirety of his prior action, were dismissed on April 29, 2022. *Id.*, dkt. # 16. Plaintiff filed this action approximately two weeks later.

REPORT AND RECOMMENDATION - 4

1  requires that a district court abstain from deciding issues raised in a federal action if state

2  proceedings are: (1) ongoing; (2) implicate important state interests; and (3) afford the plaintiff

3  an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of*

4  *Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). *Younger* principles apply to actions

5  at law as well as for injunctive or declaratory relief because a determination that the federal

6  plaintiff's constitutional rights have been violated would have the same practical effect as a

7  declaration or injunction on pending state proceedings. *Gilbertson v. Albright*, 381 F.3d 965, 968

8  (9th Cir. 2004).

9      Here, as also previously noted in this Court's Order to Show Cause, Plaintiff is a pre-trial

10  detainee with ongoing state criminal proceedings, and those proceedings implicate important

11  state interests. (*See* dkt. # 5 at 3-4 (citing *Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*,

12  401 U.S. at 43-44).) Plaintiff continues to allege no facts demonstrating that he could not bring

13  his constitutional claims in state court. Therefore, it appears that the claims asserted by Plaintiff

14  could effectively enjoin his ongoing state judicial proceeding if considered by this Court because

15  they pertain to the reliability of the prosecution's evidence and a potential prosecution witness.[2]

16      Accordingly, the Court finds that *Younger* abstention applies to Plaintiff's claims, and

17  therefore, Plaintiff has failed to state a claim upon which relief may be granted in regard to Ms.

18  Neyhart and Mr. Batiste.

19                        **IV.    CONCLUSION**

20      Based on the foregoing, the Court recommends: (1) Plaintiff's complaint (dkt. # 4-1), and

21  this action, be DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a

22

---

23  [2] Plaintiff previously presented similar claims pertaining to his ongoing state court criminal proceedings in a prior action and such claims were dismissed in accordance with *Younger*. *See Nelson v. Dinca, et al.*, C21-1457-RJB, dkt. # 16 at 5.

REPORT AND RECOMMENDATION - 5

1   viable claim for relief under § 1983; and (2) Plaintiff's application to proceed IFP (dkt. # 4) be

2   DENIED as moot. A proposed Order accompanies this Report and Recommendation.

3         Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 29, 2022**.

      The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable John H. Chun.

      DATED this 7th day of July, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6

REPORT AND RECOMMENDATION - 7